## Blemenfeld v. Hirschler et al.

*S. A. Davis* and *R. Bialkowski*, for plaintiff.

*S. U. Colbassani*, for defendants.

*Paul E. Pendel* and *John F. Boyle*, for Office of Price Administration, intervenor.

HOBAN, J., January 17, 1947.—Plaintiff, a landlord, brought a petition for a declaratory judgment against defendants, tenants of an apartment in plaintiff's building. The petition avers that on April 8, 1946, plaintiff leased to defendants an apartment in the City of Scranton for a term commencing June 1, 1946, and ending April 30, 1947, at a rental of $45 per month, and upon the usual terms as to renewal, forfeiture and remedies for collection and eviction in case of default. Further, that defendants paid the rent at the prescribed rate for the months of June and July, 1946, but that commencing with August 1946 defendants paid rent only at the rate of $35 per month, because that was the amount set as the proper rent by the Office of Price Administration created by the appropriate acts of Congress. The petition asks the court to declare that by reason of the failure to pay the rent prescribed in the lease from August 1, 1946,

defendants are in default under the lease; that plaintiff is entitled to judgment for the sums in default and to the usual remedies for possession by way of an amicable action and execution process as prescribed in the lease.

Defendants filed an answer raising questions of law. The answer challenges the jurisdiction of this court over the subject matter, which is alleged to be exclusively in the Federal system as prescribed in the Federal Emergency Price Control Acts of 1942 and 1946, and further challenges the jurisdiction of this court to exercise its powers by way of declaratory judgment, because such a judgment would not terminate the contemplated litigation giving rise to the controversy. Further, defendants' answer says that declaratory judgment is not proper because there is an established remedy at law available to plaintiff; that plaintiff has failed to join as a party to the controversy the Administrator of the Office of Price Administration; that there is no controversy between plaintiff and defendants in which plaintiff has an interest, because the rent admittedly paid by defendants is fixed by regulation under the Emergency Price Control Acts, and, finally, that this court in effect is asked to sanction a situation which would be a criminal offense under the Emergency Price Control Extension Act of 1946.

The Administrator of the Office of Price Administration petitioned the court for leave to. intervene, for the reason that the Administrator of the Office of Price Control under the Emergency Price Control Act has an interest in any controversy or proceeding in any court in which the constitutionality of the Emergency Price Control Acts is questioned, and further, that under section 205 (d) of the Emergency Price Control Act of January 30, 1942, c. 26, title II, sec. 205, 56 Stat. at L. 33, as amended by the Act of June 30, 1944, c. 325, title I, sec. 108, 58 Stat. at L. 640, 50 U. S. C.,

Appendix, §925) the administrator may intervene in any suit wherein a party relies for ground of relief or defense upon the act or any regulation thereunder. With the petition to intervene the intervenor filed an answer raising questions of law. The questions raised in the answer of the intervenor contain the same objections as raised in the answer of original defendants, and set forth in addition that rent regulations for housing became effective in the Scranton area June 1, 1946, under the authority given by the Emergency Price Control Acts to the administrator to determine defense areas and to provide rent regulations therein; that the local law of the State of Pennsylvania and all contracts made pursuant thereto have been superseded and modified to the extent that they are inconsistent with the Emergency Price Control Acts, and that the State court is without jurisdiction to pass upon the validity of the act of Congress or any regulation made in pursuance thereof when the validity of the act or regulation has been passed upon and sustained by the Supreme Court of the United States, and that the lease between plaintiff and defendants in question has been modified by the Federal legislation and the regulations thereunder to the extent that the rent prescribed therein is inconsistent with the established policy of Congress.

The first question arising under these pleadings is whether or not the Administrator of the Office of Price Administration may be permitted to intervene. We hold that under the United States statutes, as well as under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by the Act of May 22, 1935, P. L. 228, sec. 4, 12 PS §850, even if the administrator had not petitioned to intervene, it would be the duty of this court to invite him to do so.

"In any suit or action wherein a party relies for ground of relief or defense upon this Act or any Regu-

lation, order, price schedule, requirement or agreement thereunder, the court having jurisdiction of such suit or action shall certify such fact to the Administrator. The Administrator may intervene in any such suit or action.": Section 205 (*d*), United States Emergency Price Control Act, supra.

The section of the Declaratory Judgments Act cited above (12 PS §850) provides that when the court finds that any person who might claim an interest which would be affected by the judgment or decree prayed for has not been served, the court may require petitioner to bring in such person by service of a copy of the petition and by so doing make him a party to the proceeding.

Has the administrator an interest in this controversy? The obvious answer is that the act of Congress gives him an interest by the language of section 205 (*d*), supra, for it is apparent from plaintiff's own petition that the defense to plaintiff's claim is the operation of rent control under OPA regulations. Since plaintiff, both by argument and by brief, disclaims any intent to challenge either the constitutionality or validity of the Emergency Price Control Act or the regulations thereunder, he cannot consistently deny the interest of the administrator in the application of the act to situations cognizable in a State court.

Nor is any good reason shown why the right to intervene should be denied when such intervention is for the primary purpose of challenging the jurisdiction of this court over the subject matter, in effect an appearance de bene esse. The administrator, to preserve the orderly and uniform administration of the act and the regulations has a very vital interest in protecting the exclusive jurisdiction of the system set up by Congress, if as a matter of law Congress so has reserved such jurisdiction.

Passing to the questions of law raised by the affidavits of defense, we are of the opinion that this court is without jurisdiction over the subject matter, that a declaratory judgment as prayed for would not terminate the controversy, and so would be ineffective, and that a declaratory judgment as prayed for would appear to sanction a criminal offense under United States law; hence the petition must be dismissed.

The meat of this controversy is that defendants intend to pay rent according to the rate established by OPA rent control regulations, to the distress of plaintiff's pocketbook. If plaintiff does not like the rent as scheduled by OPA, he may under section 203 of the act (50 U. S. C. §923) protest to the administrator. If his protest is denied, he may then file a complaint with the Emergency Court of Appeals, and if he fails to receive satisfaction there he may file a petition for a writ of certiorari in the Supreme Court of the United States: section 204 of the act (50 U. S. C. §924). Thus a complete legal machinery is available to him to remedy any injustice he can establish in the application of rent control rates to his particular property, with the added advantage that the Supreme Court of the United States is required by the act to expedite the disposition of such causes.

The authority of the administrator to designate defense-rental areas, to establish rent control therein and to prescribe regulations and orders, establishing maximum rents, is contained in section 2(b) of the act (50 U. S. C. §902).

Section 204(d) of the act (50 U. S. C. §924) contains the following:

"The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, *shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 . . .* and of any pro-

vision of any such regulation, order or price schedule. Except as provided in this section, no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, *enjoin, or set aside,* in whole or in part, any provision of this Act, authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order or price schedule, *or to restrain or enjoin the enforcement of any such provision."* (Italics supplied.)

What would this court have to do in order to sustain plaintiff's demand for more rent than the OPA rent control regulations and the order establishing maximum rents allowed for his property? Clearly, we would have to set aside, so far as these defendants are concerned, the regulations and order which apply to their situation. A declaratory judgment for forfeiture, accelerated rent and eviction process could be arrived at in no other way than by a disregard of the Emergency Price Control Act and the regulations and orders of the administrator, an effort, if not in words, at least by operation to enjoin the enforcement of their provisions. But this we are forbidden to do.

Where Congress has passed a law in a field in which it has power to act, that law becomes the supreme law of the land, and all State laws or contracts entered into thereunder are superseded insofar as they are inconsistent therewith. Since Federal laws apply to all subjects, the State courts are bound to recognize them and indeed to enforce them. Jurisdiction to consider matters arising under Federal laws are in State courts, as well as Federal courts, unless the Constitution or act of Congress reserves such jurisdiction to the Federal courts. These are established principles which need no citation to support.

Rent regulation under the act and the fixing of maximum rents which are generally fair and equitable are constitutional: Bowles v. Willingham et al., 321 U. S. 503, 64 S. Ct. 641, and cases cited in notes to 50 U. S. C. A. §902. So the power of Congress to act in this field of legislation has been determined, and since Congress has reserved to the Emergency Court of Appeals and the Supreme Court the jurisdiction to consider the validity of regulations and orders of the administrator, we conclude that plaintiff here is in the wrong forum. He must go to the Federal system for relief.

A declaratory judgment favorable to plaintiff would not terminate the uncertainty or controversy giving rise to the proceeding. Defendants could pursue further remedies in Federal court for punitive damages against plaintiff, or the administrator might bring a similar action (50 U. S. C. §925), or the administrator might enjoin plaintiff's attempt to demand a higher rent or attempted eviction. For this reason alone a declaratory judgment may be refused: Uniform Declaratory Judgments Act, sec. 6, as amended, 12 PS §836.

Section 4 of the Emergency Price Control Act makes it unlawful for plaintiff to demand or receive any rent in violation of the regulation or order, or to attempt to evict his tenants because the tenants have taken action authorized by the act or the regulations or order (50 U. S. C. §904), and a wilful violation of this prohibition is punishable upon conviction by a fine of $5,000 and imprisonment not exceeding one year (50 U. S. C. §925). This court will not tender plaintiff a judgment for the execution of which another court may put him in jail.

Plaintiff, while insisting that he does not contest the constitutionality of the law or the validity of the regulations, seeks to avoid their application for these reasons:

1. The war is over, and hence the reasons for setting up defense-rental areas is eliminated.

2. Scranton, the situs of plaintiff's property, never was in fact a defense area, and,

3. The system of allodial land tenure in Pennsylvania precludes the Federal Government from interfering with the owner's control of his land as an invasion of the sovereignty of the State.

Plaintiff's position is inconsistent, for to say that the law and regulations do not apply to Pennsylvania is the same as saying they are not valid in Pennsylvania. As pointed out above, the validity of the system is established, and any contest as to its validity in a particular place must be litigated in the forum prescribed in the law, the Emergency Court of Appeals. In any event, the termination date of rent control is a date certain as set by the law, or by prior action by the administrator or the President of the United States. Again the question of whether the area was properly designated as a defense area is not to be determined by this court.

The argument that rent control invades the sovereignty of the State because the landlord holds his title from the State as an original grantor is ingenious but unsound. It amounts to saying that Pennsylvania is subject to the laws of the United States for some purposes like other States, but not for other purposes, which other purposes it will decide for itself. Either the Emergency Price Control Act is the supreme law of the land, applying to all of these United States, or it is not. The United States Supreme Court says it is, and far be it from us to overrule that august body.

Now, January 17, 1947, the declaratory relief sought by the plaintiff is refused, and the proceedings are dismissed, costs to be paid by plaintiff.